**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

DAVID TRISTAN, §
Plaintiff §
§ CIVIL ACTION NO. 5:14-cv-544
vs. §
§ Jury Trial Demanded
SILVERLEAF RESORTS, INC, §
Defendant §

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1.     This is an action for damages brought by Plaintiff, David Tristan ("Plaintiff"), an individual, under the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE § 17.01, *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.     Plaintiff seeks to recover monetary damages for Defendant's violation of the TDCA, DTPA, and TCPA and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

### JURISDICTION AND VENUE

3.     Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

4.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

1

## PARTIES

5.      Plaintiff, David Tristan ("Plaintiff"), is a natural person residing in the State of Texas, County of Bexar, and City of San Antonio.

6.      Plaintiff is a consumer as defined by the TEX. BUS. & COM. CODE § 17.50(a)(1) and TEX. FIN. CODE § 392.001(1).

7.      Defendant, Silverleaf Resorts, Inc. ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and by TEX. FIN. CODE § 392.001(6).

8.      Defendant is a "debt collector" as defined by TEX. FIN. CODE § 392.001(2).

## FACTUAL ALLEGATIONS

1.      Plaintiff is a natural person once obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due Defendant.

2.      Plaintiff's obligation, or alleged obligation, arose from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a timeshare vacation property (the "Debt").

3.      In connection with the collection of the Debt, Defendant placed telephone calls to Plaintiff, including, but not limited to, on the following dates and approximate times:

> 1) March 28, 2013 at 8:23 am;
> 2) March 28, 2013 at 9:35 am;
> 3) March 28, 2013 at 10:41 am;

4)  March 28, 2013 at 10:42 am;
5)  March 28, 2013 at 6:01 pm;
6)  March 28, 2013 at 6:01 pm (a second call);
7)  March 28, 2013 at 6:17 pm;
8)  March 29, 2013 at 8:23 am;
9)  March 29, 2013 at 8:24 am;
10) March 29, 2013 at 8:24 am (a second call);
11) March 29, 2013 at 8:25 am;
12) March 29, 2013 at 8:26 am;
13) March 29, 2013 at 8:31 am;
14) March 29, 2013 at 8:32 am;
15) March 29, 2013 at 8:33 am;
16) March 29, 2013 at 8:34 am;
17) March 29, 2013 at 8:37 am;
18) March 29, 2013 at 8:40 am; and
19) March 29, 2013 at 11:47 am.

4.      During one of the calls on March 28, 2013, Plaintiff asked Defendant to stop calling him.

5.      Defendant placed the telephone calls with the intent to harass Plaintiff, as evidenced by the unreasonable volume and pattern of calls in short succession, and after Plaintiff had asked Defendant to stop calling.

6.      Defendant's telephone calls caused a substantial disruption in Plaintiff's daily routine.

7.      Specifically, on March 29, 2013, Plaintiff was at work when he received the telephone calls, which interrupted his concentration while giving a presentation, substantially impairing his job performance.

9.      Defendant's repeated and continuous calls caused Plaintiff personal humiliation, embarrassment, mental anguish, and emotional distress.

10.     Upon information and belief, all of the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

11.     Defendant did not place any telephone calls to Plaintiff for emergency purposes.

12.     Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

13.     Upon information and belief, Defendant placed the telephone calls identified above voluntarily.

14.     Upon information and belief, Defendant placed the telephone calls identified above under its own free will.

15.     Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place telephone calls to Plaintiff.

16.     Upon information and belief, Defendant intended to use an automatic telephone dialing system to place telephone calls to Plaintiff.

17.     Upon information and belief, Defendant maintains business records that document all telephone calls placed to Plaintiff.

## COUNT I
## VIOLATION OF TEX. FIN. CODE § 392.302(4)

18.     Plaintiff repeats and re-alleges each and every factual allegation above.

4

19.     Defendant violated TEX FIN CODE § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated TEX FIN CODE § 392.302(4);

b)  Awarding Plaintiff injunctive relief pursuant to the TDCA;

c)  Awarding Plaintiff actual damages pursuant to the TDCA;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF DTPA

16.     Plaintiff repeats and re-alleges each and every factual allegation above.

17.     A violation of the Texas Debt Collection Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act.  TEX. FIN. CODE § 392.404(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to Tex. Bus. & Com. Code §
17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. &
Com. Code § 17.50(h);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this
action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be
allowed under the law;

Awarding such other and further relief as the Court may deem just and
proper.

## COUNT III
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

20.     Plaintiff repeats and re-alleges each and every allegation above.

21.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and
knowingly placing telephone calls to Plaintiff's cellular telephone number using an
automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in
violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per
violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

6

d)  Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)  Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h)  Awarding other and further relief as this Court may deem just and proper.

## TRIAL BY JURY

22.   Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 16, 2014

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206
Telephone:   (602) 388-8898
Facsimile:     (866) 317-2674
rthompson@consumerlawinfo.com

/s/ Joseph Panvini
Joseph Panvini
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206
Telephone:   (602) 388-8875
Facsimile:     (866) 317-2674
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff