**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

DAVID TRISTAN,                          §
                                        §
          Plaintiff                     §
                                        §
v.                                      §          Civil Action No. 5:14-cv-544-HLH
                                        §
SILVERLEAF RESORTS, INC.,               §
                                        §
          Defendant                     §

## DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS

Defendant Silverleaf Resorts, Inc. ("Silverleaf") files this Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Proceedings, pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1, *et seq.*, and respectfully shows as follows:

## I.
## INTRODUCTION

This case should be arbitrated. Plaintiff David Tristan ("Plaintiff") and Silverleaf (collectively, the "Parties") are signatories to a valid, enforceable, and binding agreement to arbitrate "any claim, dispute or controversy regarding" the contract between the Parties or their relationship. The claims asserted by Plaintiff in this lawsuit arise directly under the Parties' contract and/or are related to the relationship between the Parties. Accordingly, all of Plaintiff's claims must be submitted to binding arbitration and this lawsuit should be dismissed or, in the alternative, stayed pending arbitration.

## II.
## FACTUAL BACKGROUND

On or about July 31, 2012, the Parties entered into a contract for the sale of property at Silverleaf's Hill Country Resort (the "Contract") which contained an Arbitration Addendum.

The Arbitration Addendum requires the parties to arbitrate "any claim, dispute or controversy regarding the Contract or [the] relationship" between the Parties.  The Contract and Arbitration Addendum are attached hereto as Exhibits "A" and "B."  Importantly, the Arbitration Addendum states, in pertinent part, as follows:

> By entering into the Contract, you agree in regard to any Claim, as defined in the Arbitration Provision below, either you or we can choose to have that Claim resolved by binding arbitration as set forth in the Arbitration Provision.
>
> …
>
> Any claim, dispute or controversy regarding the Contract or our relationship (a "Claim" or "Claims") shall be resolved, upon the election by you or us, by binding arbitration pursuant to this Arbitration Provision. For purposes of this Arbitration Provision, ***a Claim shall include, but not be limited to, any claim, dispute or controversy of every kind and nature arising from or relating to the Contract or our relationship***, promotions or oral or written statements related to the Contract, … the terms of financing, … the validity, enforceability, and scope of this Arbitration Provisions [sic] and the Contract.  This includes Claims based on contract, regulatory provisions, tort (including intentional tort), fraud, negligence, statutory provisions, constitutional provisions, common law, equitable principles or other sources of law….

*See* Exhibit "B" (emphasis added).

On June 16, 2014, Plaintiff filed this lawsuit against Silverleaf asserting claims under the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Act ("DTPA"), and the Telephone Consumer Protection Act ("TCPA").  Plaintiff alleges that Silverleaf attempted to collect amounts owed under the Contract in violation of the TDCA, DTPA, and TCPA. Plaintiff's allegations clearly arise under or in connection with the Contract and/or the relationship of the Parties.  Therefore, Plaintiff's claims must be submitted to binding arbitration.

# III.
# ARGUMENT AND AUTHORITIES

The FAA provides that "a written provision in any … contract … involving commerce to settle by arbitration a controversy thereafter arising … *shall be valid, irrevocable, and enforceable*, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2 (emphasis added); *see also Masters v. Time Warner Cable, Inc.*, 920 F. Supp. 2d 766, 769 (W.D. Tex. 2012).  Federal law strongly favors arbitration, and the FAA requires that courts compel arbitration when an agreements so requires.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also* 9 U.S.C. § 4.

When deciding a motion to compel arbitration, courts engage in a two-step inquiry. *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008).  First, the court must determine whether the parties agreed to arbitrate the dispute.  *Id*.  If so, the court then must consider whether "any federal statute or policy renders the claims nonarbitrable."  *Id*. (quoting *JP Morgan Chase & Co v. Conegie*, 492 F.3d 596, 598 (5th Cir. 2007)).

## A.    THE PARTIES AGREED TO ARBITRATE THE DISPUTE.

When analyzing whether the parties agreed to arbitrate, two factors are considered:  (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of the arbitration agreement.  *Id*.

### 1.    There is a valid agreement to arbitrate.

In determining whether an agreement to arbitrate exists, courts apply "ordinary state-law principles that govern the formation of contracts."  *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 1924 (1995)).  Here, there is a valid agreement to arbitrate.  The Arbitration Addendum contains an unequivocal arbitration provision that was executed by Plaintiff and

Silverleaf.  *See* Exhibit B.  Texas law recognizes that a written agreement to arbitrate is valid and enforceable.  *Texas Petrochemicals LP v. ISP Water Mgmt. Servs. LLC*, 301 S.W.3d 879, 884 (Tex. App.--Beaumont 2009, no pet.).

      2.        <u>The dispute is covered by the Arbitration Addendum.</u>

If there is a valid arbitration agreement, the court must determine if the dispute falls within its scope "in light of the established federal and state policies favoring arbitration." *Masters*, 920 F. Supp. 2d at 769.  "Arbitration should not be denied 'unless it can be said with positive assurance that the arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.'"  *Safer v. Nelson Fin. Group, Inc.*, 422 F.3d 289, 294 (5th Cir. 2005) (quoting *Personal Sec. & Safety Sys., Inc. v. Motorola, Inc.*, 297 F.3d 388, 392 (5th Cir. 2000)). The burden of proving that a claim does not fall within the scope of an arbitration provision falls on the party opposed to arbitration.  *Melendez v. Hoque & Mumith, Inc.*, No. 3:12-cv-01332-L, 2012 WL 2595268, at *2 (N.D. Tex. July 3, 2012).

In this case, the Arbitration Addendum is broad and encompasses "any claim, dispute or controversy regarding the Contract or [the] relationship."  *See* Exhibit B.  Plaintiff's claims center around Silverleaf's alleged attempts to collect a debt due under the Contract.  Specifically, Plaintiff claims that Silverleaf, "[i]n connection with the collection of the Debt, placed telephone calls to Plaintiff" in violation of the TDCA, DTPA, and TCPA.  The Debt to which Plaintiff refers was incurred under the Contract.  *See* Exhibit A.  Accordingly, Plaintiff's claims unquestionably relate to the Contract and the relationship between the Parties and must be submitted to arbitration.  *See In re Conseco Finance Servicing Corp.*, 19 S.W.3d 562, 568-70 (Tex. App.--Waco 2000, no pet.) (finding that claims of unlawful debt collection practices fell

within arbitration clause providing for arbitration of any claims "arising from or relating to" the contract under which the debt was incurred).

## B.     THE CLAIMS ARE ARBITRABLE.

Once a court finds that the parties agreed to arbitrate their dispute, it must next consider whether any federal statute or policy renders the dispute non-arbitrable. *Masters*, 920 F. Supp. 2d at 770. A claim is subject to arbitration unless Congress intended to preclude the parties from waiving their judicial remedies. *See Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 661 (5th Cir. 1995); *Masters*, 920 F. Supp. 2d at 770 ("[H]aving made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude waiver of judicial remedies for the statutory rights at issue."). "The burden lies with the party attempting to avoid arbitration 'to show that Congress intended to preclude a waiver of a judicial forum' for the party's claims." *Masters*, 920 F. Supp. 2d at 770 (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)).

The law is clear that Plaintiff's claims under the TCPA, DTPA, and TDCA are arbitrable. *See Masters*, 920 F. Supp. 2d at 771 (finding "no law or public policy which preclude arbitration" of claim under TCPA); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 271 (Tex. 1992) (holding that claim under DTPA is subject to arbitration); *In re Conseco*, 19 S.W.3d at 571 (holding that claims under DTPA and TDCA are subject to arbitration). Therefore, Plaintiff's claims must be arbitrated according to the terms of the Contract.

## C.     DISMISSAL IS APPROPRIATE; ALTERNATIVELY, A STAY SHOULD BE ENTERED.

The FAA provides "that when an issue is referable to arbitration pursuant to a written agreement, the district court must stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant is not in default in

proceeding with such arbitration." *Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 659 (5th Cir. 1995).  Where a court determines that *all* of a plaintiff's claims are properly subject to arbitration, however, the Fifth Circuit has held that a district court may dismiss, rather than stay, an action.  *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); *Masters*, 920 F. Supp. 2d at 771 (same).  As the Fifth Circuit instructed in *Alford*:

> Although we understand that plaintiff's motion to compel arbitration must be granted, we do not believe the proper course is to stay the action pending arbitration. ***Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose.***  Any post-arbitration remedies sought by the parties will not entail renewed considerations and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.  *See* 9 U.S.C. §§ 9-12.

*Alford*, 975 F.2d at 1164 (emphasis added).  As noted above, all of the claims asserted by Plaintiff are subject to binding arbitration.  Therefore, this case should be dismissed.

## IV.
## CONCLUSION

Silverleaf has established that:  (1) a valid arbitration agreement exists; (2) all of Plaintiff's claims are within the scope of the arbitration agreement; and (3) no federal statute or policy renders Plaintiff's claim non-arbitrable.  Accordingly, Silverleaf respectfully requests that the Court enter an order granting this Motion and dismissing Plaintiff's lawsuit.  In the alternative, Silverleaf respectfully requests that the Court compel arbitration and stay this action pending the completion of arbitration.

Respectfully submitted,

ANDREWS KURTH LLP

By: */s/ Mark A. Shoffner*
    Mark A. Shoffner
    Texas State Bar No. 24037490
    markshoffner@andrewskurth.com
    1717 Main Street, Suite 3700
    Dallas, Texas 75201
    Telephone: (214) 659-4400
    Facsimile:  (214) 659-4401

**ATTORNEYS FOR DEFENDANT
SILVERLEAF RESORTS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Russell S. Thompson IV
Joseph Panvini
Thompson Consumer Law Group, PLLC
5235 E. Souther Ave D106-618
Mesa, AZ 85206
rthompson@consumerlawinfo.com
jpanvini@consumerlawinfo.com

                                                      */s/ Mark A. Shoffner*
                                                      Mark A. Shoffner