# EXHIBIT B



# Arbitration Addendum

**This Arbitration Addendum** is made and entered into by Silverleaf Resorts, Inc., a Texas Corporation ("Seller"), and the undersigned ("Buyer"), as an integral part of the Contract between Seller and Buyer of even date (the "Contract").

**Arbitration Disclosure:** By entering into the Contract, you agree in regard to any Claim, as defined in the Arbitration Provision below, either you or we can choose to have that Claim resolved by binding arbitration as set forth in the Arbitration Provision. If arbitration is chosen, it will be conducted pursuant to the procedures and rules of the national arbitration organization selected pursuant to the Arbitration Provision. **IF ARBITRATION IS CHOSEN BY ANYONE WITH RESPECT TO A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR TO HAVE A JURY TRIAL ON THAT CLAIM, OR TO ENGAGE IN PRE-ARBITRATION DISCOVERY EXCEPT AS PROVIDED FOR IN THE PROCEDURES AND RULES. FURTHER, YOU WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION. THE ARBITRATOR'S DECISION WILL GENERALLY BE FINAL AND BINDING. OTHER RIGHTS THAT YOU OR WE WOULD HAVE IF THE CLAIM WAS LITIGATED IN COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION. IT IS IMPORTANT THAT YOU READ THE ENTIRE ARBITRATION PROVISION CAREFULLY BEFORE SIGNING THIS ARBITRATION ADDENDUM.**

Buyer's Initials 

**Arbitration Provision:**

1. Any claim, dispute or controversy regarding the Contract or our relationship (a "Claim" or "Claims") shall be resolved, upon the election by you or us, by binding arbitration pursuant to this Arbitration Provision. For purposes of this Arbitration Provision, a Claim shall include, but not be limited to, any claim, dispute or controversy of every kind and nature arising from or relating to the Contract or our relationship, promotions or oral or written statements related to the Contract, the Vacation Ownership Interest acquired under the Contract, the terms of financing, the administration and operation of the Resort, the Club and the Silverleaf Club, the related membership assessments, and the validity, enforceability, and scope of this Arbitration Provisions and the Contract. This includes Claims based on contract, regulatory provisions, tort (including intentional tort), fraud, negligence, statutory provisions, constitutional provisions, common law, equitable principles or other sources of law, whether arising in the past, present or future. This shall also include Claims made by or against anyone connected with us or you or claiming through us or you, such as your family members, your invitees, the Club, the Silverleaf Club, a co-owner, employee, agent, representative, affiliated company, predecessor or successor, heir, assignee or trustee in bankruptcy. A party who has asserted a Claim in a lawsuit in court may also subsequently elect arbitration with respect to all Claims if any Claim is subsequently asserted in that lawsuit by the other party. We shall not, however, elect to use arbitration under this Arbitration Provision for any individual Claim that you properly file and pursue in a small claims court, so long as the Claim is pending only in that court and advances as an individual (non-class, non-representative) Claim. Provided, further, Claims shall not include a claim for personal injuries.

2. Claims shall be referred to either JAMS/Endispute ("JAMS") or the American Arbitration Association ("AAA") (an "Organization" or "Organizations"), as selected by the party electing to use arbitration. If a selection by us of one of these Organizations is unacceptable to you, you shall have the right within 30 days after you receive notice of our election to select the other Organization listed to serve as arbitrator administrator. (The finally selected Organization may be referred to herein as the "Selected Organization"). For a copy of the procedures to file a Claim, or for other information about the Organizations, contact them as follows:

   *   JAMS at 1920 Main Street, Suite 300, Irvine, CA 92614;  phone: 1-800-352-5267;  website: www.jamsadr.com.

   *   AAA at 335 Madison Avenue, New York, NY 10017;  phone: 1-800-778-7879;  website: www.adr.org

3. A single, neutral arbitrator shall resolve Claims. The arbitrator shall be either a lawyer with at least ten years experience or a retired or former judge selected in accordance with the procedures and rules of the Selected Organization. The arbitration shall follow the procedures and rules of the Selected Organization in effect on the date the arbitration is filed unless inconsistent with this Arbitration Provision, in which case this Arbitration Provision shall control. The arbitrator shall take reasonable steps to protect all confidential and proprietary information, including your account information, if requested to do so by you or us.

4. You and we also agree that no Claim shall be arbitrated on a class action, private attorney general or other representative action basis. Further, arbitration can only decide your or our Claim and may not consolidate or join the claims of other persons who may allege similar claims, and the arbitration may award relief only on an individual (non-class, non-representative) basis.

5. Any participatory arbitration hearing that you attend will be held at a place chosen by the Selected Organization in the same city as the U.S. District Court closest to where your Vacation Ownership Interest is located, or, at your option, in the same city as the U.S. District Court closest to your then current billing address, or at some other place to which you and we agree in writing. Additionally, if you and we agree in writing, any arbitration hearing may be held by a telephonic conference call.

6. For any Claim you initiate against us as to which either you or we have elected to use arbitration, we will reimburse you for filing, administrative and/or hearing fees of the Selected Organization, which you incur, including for any appeal, if and to the extent such fees exceed the amount they would have been (such amount to be determined by the arbitrator) if the Claim had been brought in the state or federal court which is closest to your current billing address and would have jurisdiction over the Claim. If you can also demonstrate to the Selected Organization that you are financially unable to pay all or part of the fees allocated to you, then we will pay any part



## Arbitration Addendum (pg. 2)

that the Selected Organization finds that you are unable to pay, subject to you reimbursing us for the amount finally allocated to you in any arbitration award. Any reimbursement owed by us or you shall be payable within ten (10) days after the arbitration award is final and as set forth in the award.

7. Each party shall bear the expense of their respective attorney, expert and witness fees, and other expenses regardless of which party prevails in the arbitration, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

8. This Arbitration Addendum is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. Sections 1-16, and no state arbitration law shall apply. The arbitrator shall apply applicable substantive law consistent with the FAA and applicable statutes of limitations and shall honor claims of privilege recognized at law. The arbitrator will make any award in writing and, if requested by you or us, shall issue an opinion reciting the findings of fact and law necessary to support the award.

9. The arbitrator's award shall be final and binding on you and us, subject to judicial review and enforcement as provided by the FAA or other aplicable law.

10. This Arbitration Provision shall survive any changes in the relationship between you and us, the closing and expiration of the Contract, the payment or any transfer of any Promissory Note owed by you, and the bankruptcy of any party.

11. Provided, however, Buyer and Seller agree this Arbitration Addendum shall not apply to any judicial or nonjudicial actions taken by Seller to enforce any Promissory Note secured by the Vacation Ownership Interest, or to exercise any foreclosure rights under any Deed of Trust/Mortgage securing any such Promissory Note, which occur as a result of a default by Buyer under the Promissory Note or Deed of Trust/Mortgage. Provided, further, Buyer and Seller agree that this Arbitration Addendum shall also not apply to any judicial or non- judicial actions taken by the Club or the Silverleaf Club to enforce the membership assessment liens under the Declaration relating to such Vacation Ownership Interest. The initiation and maintenance of any action for judicial relief in a court on the foregoing terms shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Arbitration Addendum, including the filing of a counterclaim in a suit brought by Seller, the Club or the Silverleaf Club pursuant to this paragraph.

12. Any questions about whether a Claim is subject to arbitration shall be resolved by interpreting this Arbitration Provision in the broadest way the law will allow it to be enforced. If any portion of this Arbitration Provision, other than the portion prohibiting arbitration on a class action, private attorney general or other representative action basis, is determined to be invalid, illegal, or unenforceable under the FAA, state law or otherwise, it shall not invalidate the remaining portions of this Arbitration provision. If the portion prohibiting arbitration on a class action, private attorney general or other represenatative action basis is determined to be invalid, illegal, or unenforceable under the FAA, state law or otherwise, however, this entire Arbitration Addendum shall also be invalid or unenforceable.

13. All capitalized terms used in this Arbitration Addendum, which are not defined herein, have the same meaning as set forth in the Contract.

**Right to Opt Out:**

IF YOU DO NOT WISH TO BE BOUND BY THIS ARBITRATION ADDENDUM, YOU MUST NOTIFY SELLER IN WRITING WITHIN 90 DAYS FROM THE EFFECTIVE DATE OF THIS ARBITRATION ADDENDUM BY MAIL ADDRESSED TO OPT OUT, SILVERLEAF RESORTS, INC., P.O. BOX 130358, DALLAS, TEXAS 75313. YOUR WRITTEN NOTIFICATION TO SELLER MUST INCLUDE YOUR NAME, ADDRESS AND SILVERLEAF ACCOUNT NUMBER, AS WELL AS A CLEAR STATEMENT THAT YOU DO NOT WANT TO RESOLVE CLAIMS BY ARBITRATION UNDER THIS ARBITRATION ADDENDUM. YOU AND WE ALSO AGREE THAT YOUR CURRENT DECISION TO OPT OUT WILL ALSO APPLY TO ANY PRIOR ARBITRATION AGREEMENT WITH US EXCEPT AS TO ANY PENDING ARBITRATION. YOUR CURRENT DECISION TO OPT OUT, HOWEVER, SHALL NOT APPLY TO ANY SUBSEQUENT ARBITRATION AGREEMENT WITH US. FURTHER, YOUR DECISION TO OPT OUT WILL HAVE NO ADVERSE EFFECT ON YOUR RELATIONSHIP WITH US.

**Execution:**

BY SIGNING BELOW, BUYERS ACKNOWLEDGE THEY HAVE READ AND UNDERSTOOD THIS ARBITRATION ADDENDUM AND AGREE TO BE BOUND BY ITS TERMS.

SIGNED EFFECTIVE THE 31st DAY OF JULY , 20 12 .

SILVERLEAF RESORTS, INC.

By: _____

_____
DAVID TRISTAN

01/11    003037453    07    31    12    14:58:11    ARBADD2